PITNEY HARDIN LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

Attorneys for Plaintiff
ICI Uniqema, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ICI UNIQEMA INC., | : | HONORABLE |
| | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| | : | |
| KOBO PRODUCTS, INC., | : | |
| Defendant. | : | |

Plaintiff ICI Uniqema Inc., by its attorneys, Pitney Hardin LLP and Connolly Bove Lodge & Hutz LLP, complaining of defendant Kobo Products, Inc., says:

## PARTIES

1. Plaintiff ICI Uniqema Inc. ("ICI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Castle, Delaware.

2. Defendant Kobo Products, Inc. ("Kobo"), on information and belief, is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 3474 South Clinton Avenue, South Plainfield, New Jersey 07080.

## JURISDICTION

3. This Court has subject matter jurisdiction over all causes of actions set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Kobo by virtue of, among other things, the fact that Kobo is a New Jersey corporation that conducts business in the State of New Jersey and, upon information and belief, the fact that Kobo conducts at least some of the infringing activity set forth in this Complaint in New Jersey.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## PATENTS IN SUIT

6. On November 22, 1994, U.S. Patent No. 5,366,660 ("the '660 patent"), entitled "Dispersions" was duly and legally issued, naming Carole A.M. Tapley as the inventor. ICI is the owner of all right, title, and interest in and to the '660 patent, including the right to

recover damages for past infringement, by assignment. A true and correct copy of the '660 patent is attached hereto as Exhibit A.

7. On February 4, 1997, U.S. Patent No. 5,599,529 ("the '529 patent"), entitled "Dispersions" was duly and legally issued, naming Alan G. Cowie as the inventor. ICI is the owner of all right, title, and interest in and to the '529 patent, including the right to recover damages for past infringement, by assignment. A true and correct copy of the '529 patent is attached hereto as Exhibit B.

8. On November 26, 1991, U.S. Patent No. 5,068,056 (the "'056 patent"), entitled "Aqueous Dispersions of Acicular Titanium Dioxide" was duly and legally issued, naming Jennifer L. Robb as the inventor. ICI is the owner of all right, title, and interests in and to the "'056 patent, including the right to recover damages for past infringement, by assignment. A true and correct copy of the '056 patent is attached hereto as Exhibit C.

## COUNT I: PATENT INFRINGEMENT

9. The allegations of paragraphs 1-8 above are repeated and realleged as if set forth fully herein.

10. Upon information and belief, Kobo has infringed the '660, '529 and the '056 patents by making, using, selling and/or offering for sale dispersions containing zinc oxide and titanium dioxide in violation of 35 U.S.C. § 271, including in New Jersey.

11. Upon information and belief, Kobo's infringement of the '660, '529 and '056 patents has been and continues to be willful and deliberate. ICI provided specific notice to Kobo of the '660 and '529 patents in the dispersion field at least by June 25, 2004 and the '056

3

patent at least by February 18, 2005. However, Kobo has refused, despite such notice, to cease its infringing activity.

12. Upon information and belief, Kobo is making unlawful gains and profits from its infringement of the '660, '529 and '056 patents, and will continue to do so unless enjoined by the Court.

13. ICI has suffered damages by reason of Kobo's aforesaid infringement of the '660, '529 and '056 patents for which ICI is entitled to relief under 35 U.S.C. § 284.

WHEREFORE, ICI demands judgment against Kobo as follows:

A. Kobo be declared and determined to have infringed the '660, '529 and '056 patents;

B. This Court order an accounting for all damages sustained by ICI as a result of Kobo's infringement of the '660, '529 and '056 patents, and that such damages be awarded to ICI, and that interest and costs be further assessed against Kobo pursuant to 35 U.S.C. § 284;

C. This Court increase the damages assessed against Kobo to three times the amount found or assessed pursuant to 35 U.S.C. § 284 as a result of Kobo's willful infringement;

D. This Court declare and determine this an exceptional case and order that Kobo pay to ICI its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285;

E. This Court issue a preliminary and permanent injunction enjoining Kobo from infringing the '660, '529 and '056 patents until the expiration dates of the patents; and

4

      F.    This Court award such further and other relief to ICI as the Court deems just, together with its costs and disbursements in this Action.

PITNEY HARDIN LLP
Attorneys for Plaintiff
ICI Uniqema Inc.

By: _____
DAVID S. SAGER
A Member of the Firm

Of Counsel:

R. Eric Hutz
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
(302) 658-9141

DATED: June 28, 2006

5

## CERTIFICATION PURSUANT TO *L. CIV. R.* 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

PITNEY HARDIN LLP  
Attorneys for Plaintiff  
ICI Uniqema Inc.

By: _____  
DAVID S. SAGER  
A Member of the Firm

DATED: June 28, 2006