UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ICI UNIQEMA, INC.                   :
                                    :
                                    :
      Plaintiff,                    :    Civil Action No. 06-2943 (JAP)
                                    :
      v.                            :    **OPINION**
                                    :
KOBO PRODUCTS, INC.,                :
                                    :
                                    :
      Defendant.                    :
_____ :

PISANO, District Judge.

Presently before the Court in this patent infringement action is Defendant Kobo Products, Inc.'s ("Kobo") motion to stay the proceedings pending reexamination by the Patent and Trademark Office (the "PTO") of U.S. Patent No. 5,366,660 (the "'660 patent"). Subsequent to the filing of the motion, a request for reexamination with respect to a second patent-in-suit, U.S. Patent 5,599,529 (the "'529 patent"), was submitted by Kobo. *See* Letter dated November 16, 2009 from P. Sullivan (advising that on November 13, 2009, Kobo submitted a Request for *Ex Parte* Reexamination to the PTO as to the '529 patent). Kobo has advised the Court that the PTO has issued a Final Office Action maintaining its initial rejection of the '660 patent on all claims. *Id.*

The decision to stay a patent case in which a reexamination by the PTO has been

requested is within the discretion of the district court.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).  One of the purposes of the reexamination procedure is to eliminate issues for trial or to facilitate trial by providing the district court with the expert view of the PTO.  *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir.1983).  As such, courts have noted that granting a stay pending reexamination is favored.  *See Alltech, Inc. v. Cenzone Tech, Inc.*, 2007 WL 935516 (S.D. Cal. March 21, 2007) (noting that "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings").  "Stays are particularly appropriate when the reexamination result might assist the court in making a validity determination or would eliminate the need to make an infringement determination." *Cross Atlantic Capital Partners, Inc. v. Facebook, Inc.*,  2008 WL 3889539 *1 (E.D. Pa. 2008).

Courts have enumerated many advantages with respect staying a civil action pending PTO reexamination of a patent, which include:

> (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court.

*Eberle v. Harris*, 2005 WL 6192865 *2 (D.N.J. 2005) (citing *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 63 (D.N.J. 1992)).

In deciding whether to stay a matter pending reexamination, courts have developed a three-part test. A court should consider "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp 2d 404, 406 (W.D.N.Y. 1999). As set forth below, the Court finds that, upon consideration of these factors, Kobo's motion for a stay pending reexamination should be granted.

A. Prejudice and Tactical Advantaage

Plaintiff correctly notes that it may suffer some prejudice by the delay attendant to the PTO's reexamination process. While the PTO is required by statute to conduct reexamination proceedings with "special dispatch," 35 U.S.C. § 314(c), the possibility of a delay of many months or longer is present in every case where a stay is sought to allow the PTO to reexamine a patent. However, courts have found that the "delay inherent in the reexamination process does not constitute, by itself, undue prejudice." *SKF Condition Monitoring, Inc. v. SAT Corp.*, 2008 WL 706851, * 6 (S.D. Cal. Feb. 27, 2008). In the instant case, the Court finds that Plaintiff has not shown that it would suffer undue prejudice as a result of the delay were the Court to grant the motion for a stay. Moreover, this Court finds that any disadvantages of the inherent delay are outweighed by the advantages, as discussed herein, that come with allowing the PTO to complete reexamination.

B. Simplification of Issues and Trial

A stay of this action has significant potential to simplify the issues in this case. The

reexamination proceedings will eliminate, narrow, or clarify key disputed issues in this litigation. Claims that may be rejected during the reexamination will not need to be litigated and, further, it is possible that any claims surviving reexamination may be amended. A stay would prevent resources from being expended on invalid or amended claims. As Kobo notes, the PTO has rejected all claims in the '660 patent, and if the claims remain so, issues relating to those claims would no longer need to be litigated in this action.

The Court finds that the PTO's reexamination will be beneficial to the litigation. Like other courts have recognized, the reexamination process is beneficial not only in the "simplification of litigation that might result from the cancellation, clarification, or limitation of claims" but "even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court." *Ethicon*, 849 F.2d at 1428; *see also GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 62-63 (D.N.J. 1992) ("[T]here would be benefits to the District Court if this action were stayed so as to shift to the PTO the significant, and often times technical, issue of patent claim validity."). The Court finds, therefore, that this second factor weighs in favor of granting the stay.

C.  Stage of Litigation

Because earlier discovery schedules provided that certain discovery would not be conducted until the Court entered its decision on claim construction, as of the time this motion was filed only partial document discovery had been conducted and no depositions had been taken. The Court entered its *Markman* opinion on August 13, 2009. A scheduling order issued shortly thereafter provides that fact discovery will close in March 2010, expert

4

discovery will close in May 2010, and the final pre-trial conference will be in September 2010. It is clear that the case is in a relatively early stage in the litigation. As such, this third factor comes down in favor of staying the litigation.

    Having weighed the above considerations, and balancing the benefits and costs with respect to staying this action, the Court concludes a stay pending reexamination is warranted in this action. Defendant's motion, therefore, is granted. An appropriate Order accompanies this Opinion.

                                        /s/ JOEL A. PISANO
                                        United States District Judge

Dated: November 20, 2009