**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ICI UNIQEMA, INC., | : | CIVIL ACTION NO. 06-2943 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| KOBO PRODUCTS, INC., | : | |
| Defendant. | : | |

**THE DEFENDANT** moves under Local Civil Rule 7.1(i) for reconsideration of the portion of an order entered February 17, 2015 ("February 2015 Order") by District Judge Joel A. Pisano — who has retired from active status — denying the defendant's motion for summary judgment ("First Motion for Summary Judgment") seeking to invalidate United States Patent No. 5,599,529 ("the '529 Patent") for not meeting the enablement requirement and the written description requirement of 35 U.S.C. § 112 ("Section 112") as to the claim term "substantially transparent to visible light."  (See dkt. 269 (notice of motion); dkt. 270 (supporting papers); see also dkt. 264 (February 2015 Order); dkt. 263 (memorandum opinion underlying February 2015 Order ("Underlying Memorandum Opinion")).)  See 35 U.S.C. § 112 (stating specification must contain "a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same"); Bos. Sci. Corp. v. Johnson & Johnson, 647 F.3d 1353, 1361–63, 1366 (Fed.Cir. 2011)

(discussing written description); Streck, Inc. v. Research & Diagnostic Sys., 665 F.3d 1269, 1288 (Fed.Cir. 2012) (discussing enablement).  The plaintiff opposes the motion for reconsideration.  (See dkt. 274.)

**FOR THE SAKE** of thoroughness, the Court has reviewed — in addition to the papers filed in relation to the motion for reconsideration — the February 2015 Order, the entire Underlying Memorandum Opinion, the papers relating to the First Motion for Summary Judgment, and the papers relating to a second motion for summary judgment filed by the defendant, even though the Court will limit its commentary to the issues raised by the motion for reconsideration.  (See dkt. 179 – dkt. 186; dkt. 189; dkt. 192 – dkt. 203; dkt. 208 – dkt. 210; dkt. 231 – dkt. 234; dkt. 238 – dkt. 240; dkt. 245; dkt. 246.) This Court will deny the motion for reconsideration for the reasons that follow.

**THE PLAINTIFF** asserts that the defendant infringed the '529 Patent, which concerns dispersions (1) of titanium dioxide particles in oil to be used in making sunscreen for topical application to skin to reduce sunburn and other sun damage associated with exposure to ultraviolet ("UV") radiation, and (2) that are formulated to be substantially transparent to visible light and substantially absorbent to UV light.  (See dkt. 263 at 2–4 (discussing specification of '529 Patent).)  Physical — as opposed to chemical — sunscreen can contain titanium dioxide, but mixing in enough titanium dioxide particles to protect skin from UV light without the whitening effect associated with high levels of titanium dioxide is apparently a challenge.  (Id. at 3.)  Independent claim 1 asserts:

> An oil dispersion comprising an oil, particles of titanium dioxide having an average size of from 0.01 to 0.15 micron and an organic dispersing agent for said particles, the amount of said particles being such that the dispersion has a solids content of greater than 40 percent by weight and said dispersion being substantially transparent to visible light and substantially absorbant [sic] to UV light so that the dispersion has a maximum extinction coefficient . . . in the ultra violet range of wavelengths of at least 40 liters per gram per cm.

'529 Patent, col. 14, lines 21–30.[1]  The specification for the '529 Patent contains the same language.  See '529 Patent, col. 1.  Independent claim 22 concerns:

> A method for the manufacture of an oil dispersion which comprises milling particulate titanium dioxide in the presence of a particulate grinding medium in an oil and in the presence of an organic dispersing agent for said titanium dioxide in said oil in which the amount of said titanium dioxide is such that the dispersion has a solids content of greater than 40 percent by weight and continuing said milling for a period of time such that the particulate titanium dioxide has an average size of form [sic] 0.01 to 0.15 micron and that the dispersion obtained has a maximum extinction coefficient in the ultra violet range of wavelength of at least 40 liters per gram per cm.

'529 Patent, col. 16, lines 4-15.

**THE TERM** "substantially transparent to visible light" was construed to mean "light in the visible range of the spectrum can transmit through the dispersion when applied in use" in Markman proceedings, and it was noted that the dispersion must be substantially transparent to visible light when applied to skin as opposed to its appearance in a container.  (Dkt. 263 at 6.)  The term "particles of titanium dioxide" was construed to mean "particles that include titanium and oxygen" without limitations such as hydrophilic or hydrophobic and regardless of the type of coating used on the particle.  (Id.)  The term

---

[1] "Extinction coefficient" concerns the ability of a substance to absorb light.

"organic dispersing agents" was construed to cover all organic dispersing agents without limitation as to type. (Id.) The term "oil" was construed to include all cosmetically-acceptable oils, including synthetic fluids such as silicone. (Id.)

**AS TO WHETHER** the defendant was entitled to summary judgment on the enablement issue, the Underlying Memorandum Opinion set forth the standard for assessing a motion for summary judgment, and then stated:

> [T]he Court agrees with [the plaintiff] that . . . [the defendant's proffered] laundry list of [approximately eighteen] alleged defects in the '529 Patent [submitted in support of the First Motion for Summary Judgment] is not sufficient to entitle [the defendant] to the summary judgment it seeks. With regard to enablement, [the defendant's] initial burden on this motion is to present evidence that shows that at the time of the filing of the patent application one skilled in the art, having read the specification, could not practice the invention without undue experimentation. . . . As [the plaintiff] points out, [the defendant] has not met its burden. As an initial matter, the Court finds evidence lacking as to how the disclosures of the '529 Patent would be understood by one of skill in the art and, additionally, to what extent the allegedly missing items from the specification would not already be part of the knowledge of a person skilled in the art. [The defendant] further fails to adequately explain how or why the allegedly missing information would be necessary for a person of ordinary skill in the art to practice the claimed invention. Importantly, although [the defendant] alleges that a skilled artisan would not have been able to practice the full scope of the claims without undue experimentation, [it] has not established the extent of the experimentation that is required and why such experimentation would be anything other than routine.
>
> Also, there are issues of material fact that preclude summary judgment on many of the issues raised in [the First Motion for Summary Judgment by the defendant]. For example, much of [the defendant's] argument is built on the assertion that [the plaintiff's] development of [certain products] and the

4

> refinement of the technology and its advances in transparency in the decade after the filing of the '529 Patent establish that the dispersions of the '529 Patent were not substantially transparent. However, giving the [plaintiff] the benefit of all reasonable inferences, this argument ignores that the claims require only "substantial" transparency and not complete transparency, and that there m[a]y be differing degrees of transparency. At best, the record shows that there . . . are genuine issues of material fact in this regard. In short, [the defendant] has failed to meet its burden to show that it is entitled to judgment as matter of law on the question of enablement.

(Id. at 17–18.)

**AS TO WHETHER** the defendant was entitled to summary judgment on the written-description issue, the Underlying Memorandum Opinion states:

> [The defendant] argues that the '529 Patent fails the written description requirement regarding the claim limitation "substantially transparent to visible light." In particular, [the defendant] asserts that the '529 Patent provides no indication that the dispersions tested achieved substantial transparency in use.
>
> . . . [G]iven the applicable clear and convincing standard, [the defendant] has a particularly heavy burden on [the First Motion for Summary Judgment], which it simply has not met with respect to written description. First, many of its written description arguments suffer from the same defects as its enablement contentions. Furthermore, disputes of fact preclude summary judgment on the question. For example, in response to [the defendant's] arguments that there is no indication in the patent that the dispersions tested achieved substantial transparency in use, [the plaintiff] points to evidence that substantial transparency was measured using an extinction coefficient. Although [the defendant] contends that this is an inappropriate measure, the issue is one for the factfinder to decide. Consequently, [the defendant's] motion is denied as to written description.

(Id. at 18–19.)

**IN SUPPORT** of the motion for reconsideration, the defendant argues that (1) there was "unrebutted evidence" showing that the inventor did not invent — and never possessed — the invention claimed in the '529 Patent, (2) the inventor was able to create a proper dispersion only with polyhydroxystearic acid and a few other organic dispersants, and (3) the First Motion for Summary Judgment was "denied . . . based in large part on a perceived a lack of evidence of the level of ordinary skill in the art and what one of ordinary skill in the art would consider the specification of the patent to teach", even though there was testimony from the inventor and others, all of whom should be deemed to have the level of skill in the art. (Dkt. 270 at 2–3.) The defendant also argues that (1) "[n]o contested matter between the parties has more consequences to the scope of this dispute than [the plaintiff's] attempt to use the '529 Patent to cover [the defendant's] silicone dispersions", (2) "the '529 Patent did not disclose that polyhydroxystearic acid could achieve a greater than 40% solids dispersion of titanium dioxide in a low-viscosity silicone fluid", (3) "there is enough information just on the lack of disclosure on various dispersants alone to invalidate the claims drawn generally to any organic dispersing agents or as pertaining to dispersions in silicone oils using silicone dispersants", and (4) the "uncontroverted evidence shows that [the plaintiff] only had success at the time of the ['529 Patent] with using polyhydroxystearic acid and one or two others as a dispersing agent", and that the '529 Patent "teaches absolutely nothing about using silicones as a medium or a dispersing agent". (Id. at 4–7.) Furthermore, the defendant argues that "the mountain of evidence [the defendant] amassed showing that [certain] products that [the

6

plaintiff] claims are covered by the '529 Patent . . . were considered whitening by customers and within the company" was "overlooked".  (Id. at 9.)

**ALTHOUGH** a district court enjoys discretion when considering a motion for reconsideration, such relief is to be granted sparingly because it is an extremely limited procedural vehicle.  See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005); Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); Tehan v. Disability Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000).  A movant seeking reconsideration must show (1) an intervening change in the controlling law, (2) previously-unavailable new evidence, or — as the defendant raises here — (3) a need to correct a clear error of law or fact or to prevent manifest injustice.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  "[M]erely express[ing] . . . disagreement with the District Court's decision . . . [is] insufficient to warrant reconsideration." Boretsky v. Governor of N.J., 433 Fed.Appx. 73, 78 (3d Cir. 2011).  A party seeking reconsideration may not relitigate old matters, and may not raise arguments or present evidence that could have been raised before the entry of the order at issue.  See id.; Dunkley v. Mellon Inv'r Servs., 378 Fed.Appx. 169, 172 (3d Cir. 2010).

**THE DEFENDANT** argues that the First Motion for Summary Judgment was incorrectly denied due to a perceived a lack of evidence of the level of ordinary skill in the art and what one of ordinary skill in the art would consider the '529 Patent to teach.  That argument is without merit.  The First Motion for Summary Judgment was properly denied because the defendant did not meet its initial burden of demonstrating prima facie

entitlement to judgment as a matter of law as to enablement, because the defendant did not adequately show (1) how the disclosures of the '529 Patent would be understood by one of skill in the art, (2) how the allegedly missing items from the '529 Patent would not already be part of the knowledge of a person skilled in the art, (3) why the missing information would be needed by a person of ordinary skill in the art in order to practice the invention, and (4) the extent of any allegedly undue experimentation that a skilled artisan would need to engage in.  Furthermore, to the extent that the defendant arguably made a prima facie showing of entitlement to judgment as a matter of law, the Underlying Memorandum Opinion stated that there were genuine issues of material fact precluding summary judgment on the issue of transparency.  (See dkt. 263 at 17–18.)

      **THE UNDERLYING** Memorandum Opinion also properly found that there were genuine issues of fact concerning written description as to substantial transparency and the manner in which to measure it, in conjunction with a thoughtful and analytical discussion.  (See id. at 18–19.)

      **THE DEFENDANT** also raises arguments now on the plaintiff's attempts to have the '529 Patent cover the defendant's silicone dispersions that are absent from its initial briefing in support of the First Motion for Summary Judgment.  (See generally dkt. 270.)  The Court notes that the plaintiff correctly points this out in its opposition to the motion for reconsideration.  (See dkt. 274 at 6, 9.)  For the defendant to raise those arguments at this juncture is improper.

**THE DEFENDANT** argues that it provided mountains of uncontroverted evidence, but the Underlying Memorandum Opinion set forth the burden-shifting analysis for the arguments that were timely raised in support of the First Motion for Summary Judgment.  Those arguments may ultimately prevail, but they did not necessarily entitle defendant to judgment as a matter of law.  Reconsideration is not warranted, because the defendant (1) has not shown that the Underlying Memorandum Opinion embodies a clear error of law or fact, (2) is merely expressing disagreement with that opinion, and (3) is raising new arguments.  The Court, for good cause appearing, will enter an appropriate order denying the motion for reconsideration.

    s/ Mary L. Cooper   
**MARY L. COOPER**  
United States District Judge

**Dated:**   November 23, 2015